UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CONNIE PENN | CIVIL ACTION NO. 08-cv-1428 |
| VERSUS | JUDGE HICKS |
| TODD COLEMAN | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Connie Penn ("Plaintiff") filed this civil action against Todd Coleman. Plaintiff's original complaint alleged that she hired Coleman to perform home repairs for her, which Coleman began but did not finish. The court issued a Memorandum Order (Doc. 5) that pointed out the absence of allegations that would support federal subject matter jurisdiction over the dispute. The court explained that because Plaintiff did not invoke any federal statute or other law, the court could likely exercise jurisdiction over the dispute only if both Plaintiff and Coleman are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff was permitted the opportunity to amend her complaint to set forth facts upon which jurisdiction might be based.

Plaintiff filed an Amended Complaint (Doc. 6) and added some facts about her dispute with Coleman. She alleges that the initial estimate of the price for the work was $60,000, but there was later a "new estimate" of $75,000 to $80,000. Plaintiff states that she is "seeking the finish repairs of my resident, and inconvenience," but she does not specify the amount

at issue. She also alleges that Coleman or his workers stole items from her home, wrongfully signed a release form, and made sexual advances toward her.

The information of record suggests that Plaintiff is a citizen of Louisiana, and there is nothing to suggest that Coleman is not also a citizen of this state. Plaintiff did not allege Coleman's citizenship in her original or amended complaint, there was no address provided for him on the summons sealed by the Clerk, and the civil cover sheet (which appears to have been prepared by the Clerk of Court) also lacks any address for Coleman. The basis of jurisdiction indicated on the cover sheet is federal question, but there are no allegations in the original or amended complaint that would plead a colorable claim that arises under federal law.

Federal courts have limited jurisdiction and have the power to hear only certain kinds of civil cases. Plaintiff has been permitted the opportunity to satisfy her burden of showing that this is the kind of case over which this court has jurisdiction, but she has not presented facts to satisfy that burden. Plaintiff will need to pursue her claims in a state court.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE